UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR-EL,<br><br>            Plaintiff,<br><br>      vs.<br><br>MYCHELLE ROME, et al.,<br><br>            Defendants. | 1:15-cv-01865-LJO-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Brandon Favor-El ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On December 11, 2015, Plaintiff filed the initial Complaint.  (ECF No. 1.)  On April 1, 2016, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (ECF No. 9.)

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff names as defendants Maxine Anderson (Retired), Seam Bazrut (Painter), Shacorton Wimfrey, Stefanie Fair (School Teacher), and Mychelle Stevens (Barber) (collectively, "Defendants").

Following is Plaintiff's statement of facts:

> "Ms. Anderson (illegible) legal (illegible) while held within legal standings, no legal assistance were necessarily required.  Ms. Anderson has no knowledge or recognition against legal ventures and creative effects, Ms Anderson became (illegible) upon own will (self) and personal tieing to refute grounds standing.  Maxine Anderson is acting of legal (illegible) a law group, I did not appoint (illegible) legal remedy, she is (illegible) my (illegible) and (illegible) my propria persona (illegible)  Sharom (Shacorton Wimfrey) is a manipulating evil being, she (illegible) to (illegible), fruit of the poisonous tree (illegible) at once, (illegible) liquor store (illegible) as an action by robbery were held under duress by three persons under (illegible), November 8, 2007.  See: attorney (illegible), emergency request (illegible) November 17, 2015.
>
> Prison conditions (unsafe habitat) are vile and unsafe, the practice of black magic or satonic rituals (devil worshipping included) found Mr. Lutero in a pitted position searching for (illegible), the living conditions taken away are left to desolated characteristics with no safeguard."

(ECF No. 9 at 3-4.)

### IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  <u>Graham v. Connor</u>, 490 U.S. 386,

393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

**Discussion**

The First Amended Complaint does not provide sufficient facts to state any legal claim against any defendant. While Plaintiff mentions issues such as unsafe prison conditions, there are not facts showing what conditions were unsafe and who made them unsafe. Plaintiff's complaint is incoherent, largely illegible, does not plainly allege facts against the named defendants, and fails to state any cognizable claims under federal law. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649

///

(9th Cir. 1984). Plaintiff's First Amended Complaint fails to give fair notice to the defendants of the claims against them.

The Court has also reviewed Plaintiff's initial Complaint, filed on December 11, 2015, and finds that Plaintiff's allegations there are also incoherent and largely illegible. The statement of facts in the initial Complaint reads as follows:

> "Incident occurred from provocation with inmate located at housing pod, (illegible) Walker, he were (Mychelle Rome) (illegible) confrontational behavior, once, appearing (inmate). Rome attempted to resolve and regain friendship, incidents (illegible) with (illegible) or, simple, problematic, (illegible) to be (illegible), non-violence or battery claim apply, to, (illegible ...) Jury conviction with sentence/status applicable, under due process clause, following, (illegible) Honorable Judge Michael G. (illegible), for release on own recognizance (illegible ...)."

(ECF No. 1 at 3.)

Based on the nature of Plaintiff's allegations in the two complaints he has filed in this case, the Court finds that Plaintiff is incapable of curing the deficiencies by amendment, and this case should be dismissed in its entirety, with prejudice.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court also finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may

file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 19, 2016**           /s/ Eric P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE