UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR-EL, | 1:15-cv-01865-LJO-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RELEASE |
| v. | (ECF NOS. 20, 22, & 29) |
| MYCHELLE ROME, et al., | |
| Defendants. | |

Brandon Favor-El ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 30, 2016, Plaintiff filed "Plaintiff's Custody Relief to be Released Under Police Authority, Sentence Rehearing, Examination with New Discovered Evidence and Case Attachment as One Matter Under More Than one Civic Violation." (ECF No. 20).  On August 11, 2016, Plaintiff filed an "Emergency Urgent Request Order Removal of Prisoner for Police Interview." (ECF No. 22).  On September 26, 2016, Plaintiff filed "Plaintiff Filing Order to Transfer Case to Western Division for County Prosecution and Release on Either Bail, Bond or Own Recognizance, Investigative Order Filing, Motion to Vacate Sentence, Filing on Information District Attorney, Evidentiary Hearing Motion, Motion for Custody Authority Hearing and Inmate/Prisoner Release, Motion on Public Safety After Inmate-Prisoner Detainee Arrest." (ECF No. 29).

Despite the titles of these motions, the Court construes all three motions as motions for release, because that is the relief asked for in each motion (ECF No. 20, p. 2; ECF No. 22, p. 2; ECF No. 29, p. 9).  In at least two of the motions, Plaintiff also seems to be asking for an

opportunity to prove his innocence (ECF No. 22, pgs. 1-2; ECF No. 29, p. 9).

However, a 42 U.S.C. § 1983 action is not the place for a prisoner to challenge his sentence. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750–51 (2004); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (cert. petition filed on October 21, 2016 (NO. 16-6556)). "The [Supreme] Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." Nettles, 830 F.3d at 927.

In two of the motions Plaintiff asks for an opportunity to prove his innocence. In all three motions Plaintiff asks to be released. These motions are challenging the validity of Plaintiff's confinement. Therefore, these requests must be brought through a writ of habeas corpus. Accordingly, all three of Plaintiff's motions are DENIED.

IT IS SO ORDERED.

Dated:  **October 31, 2016**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE